**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

**Process Gas Consumers Group, et al., Associated Gas Distributors, Tennessee Gas Pipeline Company, Intervenors.**

**No. 83–2316.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 22, 1985.

Decided March 29, 1985.

William I. Harkaway, Washington, D.C., with whom Barbara M. Gunther, New York City, Harvey L. Reiter, Washington, D.C., Frederick Moring and Herbert J. Martin, Washington, D.C., were on the brief, for petitioner.

Andrea Wolfman, Atty., F.E.R.C., Washington, D.C., with whom Barbara J. Weller, Deputy Sol., F.E.R.C., Washington, D.C., was on the brief, for respondent.

Jerome M. Feit and A. Karen Hill, Attys., F.E.R.C., Washington, D.C., entered appearances for respondent.

William H. Penniman, Washington, D.C., with whom Edward J. Grenier, Jr., Washington, D.C., was on the brief, for intervenors Process Gas Consumers Group, et al.

Richard A. Oliver, Washington, D.C., entered an appearance for intervenor.

Frederick Moring and Herbert Martin, Washington, D.C., were on the brief, for intervenor Associated Gas Distributors.

Terence J. Collins, Washington, D.C., entered an appearance for intervenor Tennessee Gas Pipeline Co.

Before MIKVA, GINSBURG and SCALIA, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Among the arguments presented in its petition for review, Consolidated Edison Company (Con Edison), joined by intervenor Associated Gas Distributors (AGD), raised several competitive concerns relating to the current Federal Energy Regulatory Commission (FERC or Commission) natural gas blanket certificate transportation program. Both the courts and the Commission have recognized the importance of such concerns to effective Commission administration of the "public convenience and necessity" standard. *See, e.g., Gulf States Utilities Co. v. FPC,* 411 U.S. 747, 760, 93 S.Ct. 1870, 1878, 36 L.Ed.2d 635 (1973) ("Consideration of antitrust and anticompetitive issues by the Commission [under the public interest standard of the Federal Power Act] serves the important function of establishing a first line of defense against those competitive practices that might later be the subject of antitrust proceedings."); *Northern Natural Gas Co. v. FPC,* 399 F.2d 953, 958 (D.C.Cir.1968) ("[T]he Commission is obliged to weigh antitrust policy."); *Tenneco Oil Co.,* 26 F.E.R.C. ¶ 61,030, at 61,069 (Jan. 16, 1984) (the Commission is obliged to take competitive concerns into account even if no party voices them).

As this case approached presentation to the court, the Commission's stance altered significantly. On December 24, 1984, the Commission issued a Notice of Inquiry initiating a comprehensive review of natural gas transportation programs, including the blanket certificate program to which Con Edison's petition is addressed; the Notice invites comments on whether and how the regulations now in force should be amended. On January 18, 1985, the Commission issued Order No. 319-B, stating that the prime target of Con Edison's petition—the Additional Incentive Charge (AIC) program—will expire January 31, 1985, and "will not be extended beyond that date"; Order 319-B issued "without prejudice to further action" following FERC review of experience with the program pursuant to the December 24, 1984, Notice of Inquiry.

On Con Edison's side too, modification is evident. Petitioner's opening brief asked the court to "set aside" the three orders addressed in the petition. Petitioner's reply brief, however, states that Con Edison and AGD "do not seek disruption of the beneficial transportation programs authorized by the regulations," and therefore "do not oppose a limited remand." Reply Brief at 28. Con Edison and AGD ultimately spell out the relief they seek this way. They ask us first to "vacate[ ] the regulations insofar as they provide for an incentive to transport gas for end-users only through adoption of an AIC." Second, Con Edison and AGD request a direction to the Commission "to consider authorizing new end-user transportation procedures on a self-implementing basis, such as were authorized in Orders Nos. 319 and 319–A, but which provide adequate economic protections for distributors and their consumers, such as those proposed by Con Edison, *e.g.,* minimum bill and demand charge relief." *Id.* at 28–29.

Order No. 319–B has in fact vacated the regulations insofar as they provide for the challenged AIC; and the December 24, 1984, Notice of Inquiry opens the Commission's door to recommendations regarding distributor and consumer protections "such as those proposed by Con Edison." In addition to Con Edison's proposals and other reasoned comment on its natural gas transportation programs, the Commission's further consideration will be informed by the recently issued Department of Energy report, INCREASING COMPETITION IN THE NATURAL GAS MARKET: THE SECOND REPORT REQUIRED BY SECTION 123 OF THE NATURAL GAS POLICY ACT OF 1978 (DOE/PE–0069 Jan. 1985). In view of the Inquiry the Commission has scheduled, and the June 30, 1985, expiration date of the temporarily expanded blanket certificate authorization, we find it unnecessary to issue any formal direction to the Commission in response to Con Edison's petition.

In sum, because the AIC program is no longer operative, and because the Commission's Notice of Inquiry promises "reasoned consideration" of proposals like Con Edison's as the basis for further Commission action, *see Public Service Commission v. FERC,* 589 F.2d 542, 563 (D.C.Cir. 1978); *North Carolina v. FERC,* 584 F.2d 1003, 1014 (D.C.Cir.1978), we dismiss Con Edison's petition for review. Through recent Commission measures, and clarification of its own position, Con Edison has essentially achieved the relief it ultimately requested in this case.

We note that this disposition does not affect in any way the court's consideration of the petition sub judice in No. 84–1090, *Maryland People's Counsel v. FERC.*

For the reasons stated, the petition for review in No. 83–2316 is

*Dismissed.*